UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Pagliolo, Debra Anderson, Robert Avery, Brian Bowen, Hannelore Brandner, Vicki Brotzel, Greg Cardoza, Bruce Cerwin, William Colby-Newton, James Craig, George Crunkleton, Thomas Davis, Tracy Davis, Daniel Dewar, Antonio Duarte, Robert Esselstein, Dale B. Evans, Dale M. Evans, Kim Farmer, Linda Gregerson, John Hayes, Michael Horton, Robert Hughes, Beverly Johnson, Craig Johnson, Monica Joynt, Patrick Kelley, Urania Lima, Stuart Lindenberger, Curt Lindstrom, Henry Luber, Lori Lynch, Frank Malenowski, Jr., Kenneth Malmstedt, Judy Mathiowetz, Theodore Melzer, Edward Milner, Jr., Kathleen Mischke, Thomas Morin, Robert Odland, Janis Olson, Timothy Owens, Roy Pendley, Eric Penn, Maurice Ranasinghe, Yvonne Rickabaugh, Lynn Robeck, John Anthony Saldana, Shahin Sarkissian, Sylvia Sieferman, Robert Thurston, Armando Torrez, Jeri Troiden, Frank Trojan, Theresa Vimr, Ted Wardein, Donald Wells, David White, Patricia Wilke, Jeanine Yates, and James Yost, for and on behalf of themselves and other persons similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>Guidant Corporation, an Indiana Corporation; Guidant Endovascular Solutions, Inc., an Indiana Corporation; Guidant Sales Corporation, an Indiana Corporation; Advanced Cardiovascular Systems, Inc., a/k/a Guidant Vascular Intervention, a California Corporation; and Cardiac Pacemakers, Inc., a/k/a Guidant Cardiac Rhythm Management, a Minnesota Corporation,<br><br>            Defendants. | Civil No. 06-943 (DWF/SRN)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Cynthia Stange, Esq. and Frank T. Mabley, Esq., Greenstein Mobley & Wall; Patricia V. Pierce, Esq., Wood R. Foster, Esq., Jordan M. Lewis, Esq., and Jay B. Streitz, Esq., Siegel Brill, Greupner, Duffy & Foster, P.A., counsel for Plaintiffs.

Daniel G. Prokott, Esq., Holly M. Robbins, Esq., and Jerry W. Snider, Esq., Faegre & Benson, LLP, counsel for Defendants.

## INTRODUCTION

This matter is before the Court pursuant to Defendants' Motion for Certification Under 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b). For the reasons set forth below, the Court grants in part and denies in part the motion.

## BACKGROUND

Defendants filed the current motion in response to the Court's Order dated April 4, 2007 (the "April Order"), in which the Court denied Defendants' Motion for Summary Judgment and granted in part and denied in part Plaintiffs' Motion for Partial Summary Judgment. Defendants contend that in the April Order, the Court addressed several controlling issues of law regarding the validity of releases under the Older Workers Benefit Protection Act ("OWBPA"). Defendants now request permission to appeal the April Order through two separate procedural avenues. First, Defendants assert that the Court should certify its April Order regarding the validity of the releases for interlocutory appeal under 28 U.S.C. § 1292(b). Second, Defendants assert that the Court should direct entry of judgment on their breach of contract claim because there is no just reason for delaying judgment under Federal Rule of Civil Procedure 54(b).

**DISCUSSION**

**I.     Certification Under 28 U.S.C. § 1292(b)**

Courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291.  In addition, a district court may designate an otherwise non-final order as certified for interlocutory appeal under 28 U.S.C. § 1292(b).  That statute provides, in relevant part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, under this provision, there are three criteria for certification: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation."  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quotation omitted).  Motions for certification should be "granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the court and the litigants.  *Id.* at 376.  The movant bears a heavy burden to prove that the case is "an exceptional one in which immediate appeal is warranted."  *Id.*

**A.     Controlling Question of Law**

Section 1292(b) refers to legal questions that contrast with a "matter for the discretion of the trial court."  *Id.* at 377; *see also McFarlin v. Conseco Servs.*, 381 F.3d

1251, 1258 (11th Cir. 2004) (stating that under § 1292(b), a "controlling question of law" means "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine"). Defendants assert that the Court has concluded that the April Order involves controlling questions of law under the OWBPA because in that order the Court held that the releases are invalid as a matter of law. In response, Plaintiffs assert that the April Order turns on the application of detailed and unique facts to the statute at issue.

The Court finds that the April Order involves controlling questions of law. Specifically, in the April Order, the Court had no discretion to grant or withhold summary judgment because there were no material facts in dispute. Instead, the Court's interpretation of the statute and its regulations controlled its decision. Courts have recognized that § 1292(b) appeals may appropriately be used to review orders declining to enforce releases. *See Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1298 (5th Cir. 1983); *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 887 n.1 (3d Cir. 1975). Significantly, courts of appeals have used § 1292(b) appeals to review orders addressing releases under the OWBPA in cases involving claims under the Age Discrimination in Employment Act (the "ADEA"). *See Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1244 (11th Cir. 2006); *Howlett v. Holiday Inns*, 120 F.3d 598, 600 (6th Cir. 1997); *Raczak v. Ameritech Corp.*, 103 F.3d 1257, 1259 (6th Cir. 1997); *Oberg v. Allied Van Lines*, 11 F.3d 679, 680 (7th Cir. 1993). The Eighth Circuit's decision on appeal in this case will establish the first and only precedent within this circuit on every

issue it addresses. *See W. Tennessee Chapter of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000) (stating that "an issue may be considered controlling" for purposes of § 1292(b) "if its resolution has precedential value"). Accordingly, the Court finds that the first requirement for granting certification under § 1292(b) is satisfied.

### B.     Substantial Ground for Difference of Opinion

Next, Defendants assert that there are substantial grounds for difference of opinion on the OWBPA issues addressed in the April Order because the issues are complex and novel. In response, Plaintiffs assert that Defendants merely identify a difference of opinion, rather than establishing *substantial* grounds for difference of opinion.[1]

In the April Order, the Court found that Defendants' disclosure violated the OWBPA on six grounds: (1) materially misrepresenting the number of people eligible for severance benefits; (2) failing to identify the decisional unit; (3) combining employees of six corporations and eighty-four domestic facilities in a single decisional unit; (4) failing to disclose eligibility factors; (5) failing to disclose age; and (6) failing to disclose job

---

[1] Plaintiffs assert that Defendants' recent conduct undermines its arguments. Specifically, Plaintiffs point out that in February 2007, prior to the Court issuing the April Order, Defendants conducted another group termination and gave employees a disclosure that generally complies with the OWBPA. Because Defendants' February 2007 disclosure contrasts with its earlier disclosure in this case, Plaintiffs assert that the February 2007 disclosure constitutes an admission by a party-opponent under Federal Rule of Evidence 801(d)(2). The Court agrees that Defendants' February 2007 disclosure undermines its arguments. Indeed, the Court is confident that its decision is correct. But the Court nonetheless finds that there is substantial ground for difference of opinion.

5

titles.  The Court finds that each ground on which the Court found the release invalid in the April Order possesses a substantial ground for difference of opinion.  Here, there is genuine doubt regarding whether the Court applied the correct legal standard because the Eighth Circuit has set no standard for the difficult issues presented.

        **i.**        **Material Misrepresentation**

The Court held that Defendants violated the OWBPA by identifying individuals as severance eligible on Exhibit B who were offered severance pay but who were in fact redeployed to functionally non-equivalent positions within Guidant, and therefore did not receive severance pay.  Defendants assert that the Court's ruling departs from the OWBPA's statutory language and will result in employees receiving less complete and accurate information about their potential ADEA claims.  Plaintiffs, on the other hand, contend that Defendants' position is counterintuitive given the legislative history and case law recognizing the purpose of the OWBPA as giving terminated employees a reasonable understanding of the age demographics involved in the termination.  The parties have not cited any case law in support of their positions.  The Court finds that there is substantial ground for difference of opinion on this issue.

### ii.     "Decisional Unit"—Disclosure and Composition

The Court held that Defendants violated the OWBPA by failing to properly disclose the decisional unit for the Reduction in Force ("RIF") and because Defendants' claimed decisional unit was not legitimate under the statute or corresponding regulations. Defendants contend that there are substantial grounds for difference of opinion as to the Court's conclusion that Defendants should have limited the decisional unit by facility. Defendants also assert that there are substantial grounds for difference of opinion regarding the Court's conclusion that Guidant did not adequately disclose the "decisional unit." Specifically, Defendants contend that the OWBPA does not use the term "decisional unit," let alone require employers to disclose it by name. Further, Defendants assert that the regulations do not require an employer to disclose the "decisional unit" and label it as such. In response, Plaintiffs contend that whether the composition of a decisional unit complies with the OWBPA requires the use of discretion and judgment.

The Court finds that there are substantial grounds for difference of opinion on these issues. The Court finds that the Eighth Circuit should be given the opportunity to set the standards regarding disclosure and composition of a decisional unit under the OWBPA.

### iii.    Identification of "Eligibility Factors"

The Court concluded that "eligibility factors" under the OWBPA refers to the factors used to determine who is subject to a termination program, not to the factors used to determine who is eligible for severance pay after termination. The Eighth Circuit has

not ruled on this issue and the law in other circuits is unclear.  The Court agreed with the court's interpretation of eligibility factors in *Commonwealth of Ma. v. Bull HN Info. Sys.*, 143 F. Supp. 2d 134, 147 (D. Mass. 2001).  Arguably, the Tenth Circuit called into doubt this Court's view when it amended *Kruchowski v. Weyerhaeuser Co.*, 423 F.3d 1139 (10th Cir. 2005) ("*Kruchowski I*") (discussing eligibility factors and relying on *Bull*) with *Kruchowski v. Weyerhaeueser Co.*, 446 F.3d 1090, 1095–96 (10th Cir. 2006) ("*Kruchowski II*") (withdrawing discussion of eligibility factors).  Thus, the Court finds that there is substantial ground for difference of opinion on this issue.  Granting Defendants' motion will allow the Eighth Circuit to determine what the law is in this Circuit.

### iv.     Formatting Requirements—Age and Job Title

The Court held that Defendants failed to comply with the OWBPA by disclosing age through the use of birth dates rather than by numerical year and by not presenting age in any meaningful order.  Additionally, the Court held that Defendants failed to properly disclose job titles under the OWBPA by not disclosing indicators of level within a given job title. The parties have cited no case law addressing these issues.  The Court finds that there are substantial grounds for difference of opinion regarding what is required under the regulations regarding age and job title.

### C. Materially Advance the Ultimate Termination of the Litigation

Finally, the Court finds that granting interlocutory appeal under § 1292(b) will materially advance the ultimate termination of the litigation because if the Eighth Circuit rules in Defendants' favor, the litigation will end for every Plaintiff except Pagliolo, thereby reducing the discovery and trial expenses. Plaintiffs do not dispute that this ground for certification is satisfied. Accordingly, the Court grants Defendants' request for interlocutory appeal under § 1292(b).

## II. Entry of Judgment Under Fed. R. Civ. P. 54(b)

Next, Defendants request that the Court direct entry of judgment on its breach of contract claim under Federal Rule of Civil Procedure 54(b). That rule allows a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Certifications under Rule 54(b) "should neither be granted routinely nor as an accommodation to counsel." *Hardie v. Cotter & Co.*, 819 F.2d 181, 182 (8th Cir. 1987) (quotation omitted). Instead, the Court should grant Rule 54(b) orders only if there exists "some danger of hardship or injustice through delay which could be alleviated by immediate appeal." *Burlington N. R.R. Co. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985).

Defendants' breach of contract claim will necessarily be decided once the validity of the release under the Older Workers Benefit Protection Act is decided. Consequently, the ends of justice do not require the Court to direct entry of judgment under Federal Rule

of Civil Procedure 54(b).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that**:**

1.  Defendants' Motion for Certification Under 28 U.S.C. § 1292(b) and Rule 54(b) (Doc. No. 49) is **GRANTED IN PART and DENIED IN PART** as follows:

    a.  Defendants' Motion for Certification under 28 U.S.C. § 1292(b) is **GRANTED**.

    b.  Defendants' Motion for Certification under Fed. R. Civ. P. 54(b) is **DENIED**.

2.  The Court's April 4, 2007 Order is **AMENDED** to certify under 28 U.S.C. § 1292(b) that it involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of this litigation.

Dated:  May 29, 2007        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court