# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joseph Pagliolo, Debra Anderson, Robert Avery,
Brian Bowen, Hannelore Brandner, Vicki Brotzel,
Greg Cardoza, Bruce Cerwin, William Colby-Newton,
James Craig, George Crunkleton, Thomas Davis,
Tracy Davis, Daniel Dewar, Antonio Duarte, Robert
Esselstein, Dale B. Evans, Dale M. Evans, Kim Farmer,
Linda Gregerson, John Hayes, Michael Horton, Robert
Hughes, Beverly Johnson, Craig Johnson, Monica Joynt,
Patrick Kelley, Urania Lima, Stuart Lindenberger,
Curt Lindstrom, Henry Luber, Lori Lynch, Frank
Malenowski, Jr., Kenneth Malmstedt,
Theodore Melzer, Edward Milner, Jr., Kathleen Mischke,
Thomas Morin, Robert Odland, Janis Olson, Timothy
Owens, Roy Pendley, Eric Penn, Maurice Ranasinghe,
Yvonne Rickabaugh, Lynn Robeck, John Anthony
Saldana, Shahin Sarkissian, Sylvia Sieferman, Robert
Thurston, Armando Torrez, Jeri Troiden, Frank Trojan,
Theresa Vimr, Ted Wardein, Donald Wells, David
White, Jeanine Yates, and James Yost,
for and on behalf of themselves and other persons
similarly situated,

Civil No. 06-943 (DWF/SRN)

                    Plaintiffs,

v.

Guidant Corporation, an Indiana Corporation; Guidant
Endovascular Solutions, Inc., an Indiana Corporation;
Guidant Sales Corporation, an Indiana Corporation;
Advanced Cardiovascular Systems, Inc., a/k/a
Guidant Vascular Intervention, a California
Corporation; and Cardiac Pacemakers, Inc.,
a/k/a Guidant Cardiac Rhythm Management,
a Minnesota Corporation,

                    Defendants;

and

**MEMORANDUM
OPINION AND ORDER**

Guidant Corporation, an Indiana Corporation; Guidant
Endovascular Solutions, Inc., an Indiana Corporation;
Guidant Sales Corporation, an Indiana Corporation;
Advanced Cardiovascular Systems, Inc., a California
Corporation; and Cardiac Pacemakers, Inc., a
Minnesota Corporation,

                    Counter-Claimants,

v.

Dale M. Evans, Kim Farmer, Linda Gregerson,
John Hayes, Michael Horton, Robert Hughes,
Beverly Johnson, Craig Johnson, Robert Avery,
Monica Joynt, Patrick Kelley, Urania Lima, Stuart
Lindenberger, Curt Lindstrom, Henry Luber, Lori
Lynch, Frank Malenowski, Jr., Kenneth Malmstedt,
Brian Bowen, Theodore Melzer, Edward Milner, Jr.,
Kathleen Mischke, Thomas Morin, Robert Oldand,
Janis Olson, Timothy Owens, Roy Pendley, Eric Penn,
Maurice Ranasinghe, Hannelore Brandner, Yvonne
Rickabaugh, Lynn Robeck, John Anthony Saldana,
Shahin Sarkissian, Sylvia Sieferman, Robert Thurston,
Armando Torrrez, Jeri Troiden, Frank Trojan, Theresa
Vimr, Vicki Brotzel, Ted Wardein, Donald Wells,
David White, Jeanine Yates, James Yost, and other
persons similarly situated,

                    Counter-Defendants.

---

Cynthia Stange, Esq., and Frank T. Mabley, Esq., Greenstein Mobley & Wall; Patricia V.
Pierce, Esq., Willig, Williams & Davidson; Wood R. Foster, Esq., and Jordan M. Lewis,
Esq., Siegel Brill, Greupner, Duffy & Foster, P.A.; and Stephen J. Snyder, Esq., Snyder &
Snyder, PA, counsel for Plaintiffs and Counter-Defendants.

Daniel G. Prokott, Esq., Holly M. Robbins, Esq., Jerry W. Snider, Esq., Joel P. Schroeder,
Esq., and Aaron D. Van Oort, Esq., Faegre & Benson, LLP; and James W. Nagle, Esq.,
and Leslie S. Blickenstaff, Esq., Goodwin Procter LLP, counsel for Defendants and
Counter-Claimants.

---

## INTRODUCTION

This matter came before the Court on August 30, 2007, pursuant to Plaintiffs'

Motion to Certify Class (Conditionally) and Mailing of Notice to Similarly Situated

Individuals.  For the reasons set forth below, Plaintiffs' Motion is granted.

## BACKGROUND

The general facts related to this matter are fully set forth in the Court's Order dated

April 4, 2007 (the "April 4, 2007 Order"), and are herein incorporated by reference.

Here, Plaintiffs seek the Court's permission to send notice to all former Guidant

employees who were terminated along with the named Plaintiffs in the Reduction in

Force conducted by Guidant that took place in August 2004 (the "August 2004 RIF").

Specifically, Plaintiffs seek to conditionally certify the following class:

> All persons who were in fact terminated by Guidant following receipt of
> notice of termination between July 27, 2004 and August 13, 2004, and who
> were 40 years of age or more on their last official day of employment.

Pls.' Reply Mem. in Supp. of Mot. for Conditional Certification and Mailing of Notice to

Similarly Situated Individuals ("Pls.' Reply Mem.") at 3.

Defendants oppose Plaintiffs' motion.  Primarily, Defendants contend that this

matter is not appropriate for conditional class certification because the members of the

proposed conditional class are not "similarly situated" under the Fair Labor Standards Act

("FLSA").  Defendants specifically contend that the purported members of the action

have different employment situations, different circumstances that led to their

terminations, and dissimilar terminations.  As a result, Defendants assert that any claims
of the members of the proposed class cannot be decided collectively.

## DISCUSSION

Section 4 of the Age Discrimination in Employment Act of 1967 ("ADEA")
forbids age discrimination in employment.  29 U.S.C. § 623; *see also Hoffmann-
LaRouche, Inc. v. Sperling*, 493 U.S. 165, 167 (1989).  "Section 7(b) of the ADEA
incorporates enforcement provisions of the [FLSA] [] 29 U.S. C. § 201, *et seq*. [], and
provides that the ADEA shall be enforced using certain of the powers, remedies, and
procedures of the FLSA."  *Hoffmann-LaRouche*, 493 U.S. at 167.

At issue here is one of the FLSA provisions incorporated by the ADEA.  The
FLSA provides that an action

> may be maintained against any employer . . . in any Federal or State court
> of competent jurisdiction by any one or more employees for and in behalf of
> himself or themselves and other employees ***similarly situated***.  No
> employee shall be a party plaintiff to any such action unless he gives his
> consent in writing to become such a party and such consent is filed in the
> court in which such action is brought.

29 U.S.C. § 216(b) (emphasis supplied).  Section 216(b) does not define "similarly
situated," and neither the United States Supreme Court nor the Eighth Circuit have
offered guidance as to how a court should determine whether the representative plaintiffs
are "similarly situated" to the putative plaintiffs.  Typically, courts employ a two-step
inquiry to determine whether plaintiffs are "similarly situated" for purposes of
certification of a collective action under the FLSA.

In the first stage, the court determines whether the class should be conditionally certified for notification and discovery purposes.  *See Kalish v. High Tech Institute, Inc.*, 2005 WL 1073645 at *1 (D. Minn., April 22, 2005).  Conditional certification requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id.* (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).  The plaintiffs must demonstrate some factual basis beyond the mere averments in their complaint to support their claim.  *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-79 (D. Minn. 1992).

The second stage occurs after discovery is completed, at which point the court uses a stricter standard to determine whether the plaintiffs are similarly situated and whether the trial should proceed collectively.  *Kalish*, 2005 WL 1073645 at *2.  Specifically, the court considers:  (1) the extent and consequence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.  *See Thiessen*, 267 F.3d at 1102-03.

Here, Plaintiffs seek the Court's permission to send notice to all former Guidant employees who were terminated along with the named Plaintiffs in the August 2004 RIF.  In support of their motion, Plaintiffs contend that of the 527 employees who were terminated as part of the August 2004 RIF, 366 of these employees were age 40 or older.  Plaintiffs assert that this statistic, coupled with additional statistics related to Guidant's past terminations, demonstrate a steadily increasing percentage of terminations as a

function of age.  These statistics are reflected in an affidavit submitted by Plaintiff Joseph

Pagliolo (the "Pagliolo Affidavit").  Plaintiffs contend that these statistics support a *prima

facie* case of the disparate impact of the August 2004 RIF, as well as a pattern and

practice of age discrimination by Guidant.

In response, Guidant contends that this case is not appropriate for conditional

certification because the proposed members of the action are not similarly situated under

the FLSA.  Guidant does not take issue with the two-step certification process; rather,

Guidant contends that Plaintiffs have not met their burden of showing that the

characteristics common to the proposed class of participants in this action have a greater

significance at trial than the unique facts and circumstances of each individual.  Thus,

Guidant contends that any trial will have to proceed on a case-by-case basis.

In support of its position, Guidant first asserts that each of the proposed

participants is unique because these former employees had different job duties, reported

to different supervisors, and worked in different businesses in different geographical

locations.  In addition, the ages and lengths of service of the former employees were

different, as were their salaries.  Second, Guidant contends that the proposed participants

were not subject to a single policy that was allegedly discriminatory.  Rather, Guidant

asserts that each of the proposed participants was selected for the August 2004 RIF based

on reasons specific to each person and the individual department for which each person

worked.  Specifically, Guidant asserts that although the August 2004 RIF was overseen

by a team of human resources vice presidents and senior managers, the individual

6

business units selected which of their employees would be subject to the August 2004 RIF. Thus, Guidant contends that the oversight team played no role in the selection process.

In addition, Guidant challenges the means by which Plaintiffs have submitted evidence in support of their motion. Guidant asserts that Plaintiffs' factual evidence, consisting of the Pagliolo Affidavit and various interrogatory answers, is insufficient to demonstrate that the potential participants are similarly situated. Guidant contends that the gross statistics submitted by Plaintiffs lack specificity and are meaningless to show that the proposed participants are similarly situated. Further, Guidant asserts that the gross statistics do not support an inference of age discrimination. As a result, Guidant maintains that Plaintiffs have not met their burden of showing that conditional certification is appropriate.

Finally, Guidant asserts that the proposed participants are not similarly situated because they were not subject to a centralized decision, policy, or plan. Guidant contends that Guidant expressly prohibited age from being considered when selecting individuals who would be laid off. In addition, Guidant asserts that the August 2004 RIF was implemented in a decentralized manner, by managers at different levels and in different business units. Guidant asserts that this decentralized approach precludes conditional certification.

On the facts at issue here, the Court finds that Plaintiffs have met their relatively minimal burden of establishing that conditional certification is appropriate. The Court

finds that Guidant's references to FLSA cases such as *West v. Border Foods, Inc., Civ.*

*05-2525*, No. 05-2525, 2006 WL 1892527 (D. Minn. July 10, 2006), and *Ray v. Motel 6*

*Operating*, *LP*, Civ. No. 95-328, 1996 U.S. Dist. Lexis 22565 (D. Minn. Feb. 15, 1996),

are not persuasive.  First, both of those cases analyzed a conditional certification issue in

an FLSA case.  And as noted in *Ray*, this distinguished the case from one involving "a

remedial statute, such as the ADEA, which encourages class action litigation to prove

discriminatory plans."  *Ray*, 1996 U.S. Dist. Lexis 22565 at *11-12.  In addition, in *West,*

the conditional certification motion took place after some discovery had occurred.  Thus,

these cases are distinct.

Here, the facts provided by Plaintiffs, in the form of the Pagliolo Affidavit and the

interrogatory answers, are sufficient to support conditional certification of Plaintiffs'

disparate impact and pattern or practice claims of age discrimination.  Facially, Plaintiffs

have demonstrated a pattern based on their preliminary statistical analysis that comes

directly from Guidant's figures.  Guidant's arguments against certification are better

suited for the second step in the certification process.

In deciding that Plaintiffs have met their minimal burden of establishing that this

case is appropriate for conditional certification, the Court does not reach or make any

prediction as to the merit of Plaintiffs' claims.  Yet given the uncertain outcome of the

claims and also the extensive, expensive discovery that is likely to occur as a result of this

Order, the Court recognizes that the parties may wish to engage in early settlement

discussions in order to avoid the costs of such protracted litigation.  It strikes the Court

8

that it may be in the parties' best interests to do so.  Thus, if the parties wish, the parties

may contact Beverly Riches, Calendar Clerk to Magistrate Judge Susan Richard Nelson at

(612) 664-5490, to schedule an early settlement conference.

Accordingly, **IT IS HEREBY ORDERED** that**:**

1.      Plaintiffs' Motion Motion to Certify Class (Conditionally) and

Mailing of Notice to Similarly Situated Individuals (Doc. No. 66) is **GRANTED**.

2.      A class is hereby conditionally certified in this collective action, consisting

of all persons who were in fact terminated by Guidant following receipt of notice of

termination between July 27, 2004, and August 13, 2004, and who were 40 years of age

or more on their last official day of employment.

3.      Defendants shall deliver to Plaintiffs' counsel a list of each employee who

was in fact terminated by Guidant following receipt of notice of termination between

July 27, 2004 and August 13, 2004, and who was 40 years of age or more on their last

official day of employment.

4.      The Court approves the form of notice attached to this Order as

"Exhibit A," unless the parties stipulate otherwise.


Dated:  September 28, 2007                    s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              Judge of United States District Court